IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele R. Gray,<br><br>            Plaintiff,<br><br>v.<br><br>CTP Funding,<br><br>            Defendant. | No. CV-23-00663-PHX-ESW<br><br>**ORDER** |

   The Court has reviewed Defendant's "Motion for Order to Show Cause Why Plaintiff Should Not be Declared a Vexatious Litigant and Subject to Pre-Filing Requirements" (Doc. 32). Defendant asserts that the Court "should enter an Order to Show [Cause] directing Plaintiff Michele Gray to appear before the Court and show cause why the Court should not declare her a vexatious litigant and impose the pre-filing requirements proposed herein." (*Id.* at 8). Defendant argues that due to Plaintiff's indigency, any economic sanctions are "likely to be uncollectible, and an ineffective deterrent." (*Id.* at 7). Defendant therefore requests entry of a pre-filing injunction against Plaintiff that precludes future actions filed by Plaintiff against Defendant or those closely affiliated with Defendant. (*Id.* at 8). Plaintiff has not responded to the Motion (Doc. 32) and the time to do so has passed.

   "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty*

*Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "[P]re-filing orders are an extreme remedy that should rarely be used." *Id.*

"To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014) (internal quotations and citation omitted). "[E]ven if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* (alteration in original) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Id.*

As explained by the Ninth Circuit,
> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Id.* at 1062 (alteration in original) (quoting *De Long*, 912 F.2d at 1147-48).

"The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. . . . It does not require an in-person hearing." *Gavin v. City & Cnty. of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (finding that "the first *De Long* factor is met because the Court issued an Order to Show Cause, and Plaintiff had an opportunity to file a written opposition"); *Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *7 (D. Ariz. Jan. 6, 2021) (explaining that the "first step requires that the accused party have 'an opportunity to oppose the entry of the order'" and "does not require a hearing") (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058-59 (9th Cir. 2007); Fed. R. Civ. P. 78(b); LRCiv 7.2(f)); *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing

in the district court.").

The Ninth Circuit has described the third and fourth factors as the "two substantive factors" and has explained that the following is a "helpful framework" in determining whether a party is a vexatious litigant:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *Molski*, 500 F.3d at 1058). "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id.* at 1064-65 (holding that the district court abused its discretion by failing to consider whether "imposing sanctions such as costs or fees on the [plaintiffs] would have been an adequate deterrent").

In considering Defendant's Motion (Doc. 32), the Court heeds the Ninth Circuit's instruction that courts "should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski*, 500 F.3d at 1057. "[I]n light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart*, 761 F.3d at 1062. "And, particular caution should be exercised before using such measures against a pro se plaintiff." *Harris v. Dillinger*, No. CV-17-00498-TUC-DCB, 2017 WL 6819931, at *2 (D. Ariz. Nov. 9, 2017) (citing *Pavilions v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The Court does not find that Plaintiff's case filings constitute an "inordinate" quantity or demonstrate "an intent to harass the defendant or the court" such that the Court must impose the remedy of last resort by imposing a pre-filing injunction on Plaintiff. *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.3d at 1148); *see, e.g.*, *Banga v. Ameriprise Auto & Home Ins. Agency*, No. 2:18-CV-1072 MCE AC, 2021 WL 535378,

at *2 (E.D. Cal. Feb. 12, 2021) (denying request for pre-filing injunction where the plaintiff filed six prior cases); *Aguilar v. Applied Underwriters, Inc.*, No. 20-CV-00111, 2020 WL 4923629, at *6 (E.D. Cal. Aug. 21, 2020) (concluding that three case filings "do not rise to the inordinate quantity typically exhibited by vexatious litigants"); compare *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (thirty-five actions filed in 30 jurisdictions warranted a vexatious litigant order); *Favor v. Harper*, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *2 (C.D. Cal. Jan. 13, 2017) ("Favor has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis."), *Molski*, 500 F.3d at 1050 (vexatious plaintiff filed approximately 400 lawsuits in the federal courts within the districts in California); *Reddy v. MedQuist, Inc.*, No. cv 12-01324 PSG, 2012 WL 6020010, at *6 (N.D. Cal. Dec. 3, 2012) ("[Plaintiff] has literally filed tens of lawsuits against hundreds of defendants"); *Bobo v. Plymouth Hous. Grp.*, No. 6:14-cv-01071-AA, 2014 WL 6085858, at *2 (D. Or. Nov. 7, 2014) (vexatious plaintiff "filed at least forty pro se complaints").

The Court will deny Defendant's Motion (Doc. 32). However, to reiterate the Court's July 2022 Order filed in Plaintiff's prior District of Arizona case, Plaintiff should "not take this Court's [denial of Defendant's Motion] as a sign that the Court believes she has acted appropriately in this litigation." *Gray v. Capstone Fin.*, No. CV-21-01333-PHX-JJT, 2022 WL 2985647, at *8 (D. Ariz. July 28, 2022) ("As the Ninth Circuit acknowledged in *Ringgold-Lockhart*, '[a]t some point, a federal pre-filing injunction may well be needed to protect judicial resources and the defendants from litigation related to this case,' and the Court cautions Plaintiff that the same could be true on the facts at hand.").[1]

Accordingly,

**IT IS ORDERED** denying Defendant's "Motion for Order to Show Cause Why

---

[1] A copy of the Order is attached to Defendant's Notice of Removal. (Doc. 1-1).

- 4 -

Plaintiff Should Not be Declared a Vexatious Litigant and Subject to Pre-Filing Requirements" (Doc. 32).

Dated this 9th day of June, 2023.

_____
Honorable Eileen S. Willett
United States Magistrate Judge